# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3311

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| James J. Kavanagh, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 7, 1999
Filed: July 19, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and BEAM, Circuit
Judges.

_____

PER CURIAM.

A two-count information charged James Kavanagh with unlawfully occupying
lands located in a water resource development project, without the written permission
of the District Engineer of the U.S. Army Corps of Engineers (Corps), in violation of
36 C.F.R. § 327.22(a) (1998); and with failing to comply with a lawful order of Corps
personnel engaged in the performance of their official duties, in violation of 36 C.F.R.
§ 327.24(b) (1998).  Following a bench trial, the district court[1] found that a lease

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern
District of Missouri.

Kavanagh had entered into with the Corps was lawfully terminated because of his failure to comply with applicable regulations, and that to the extent there was a factual dispute concerning Kavanagh's refusal to leave his property at the request of Corps personnel, the government had proven beyond a reasonable doubt that he had refused an order to leave.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting the evidence was insufficient to support Kavanagh's convictions. After evaluating the record in the light most favorable to the government, see United States v. Walcott, 61 F.3d 635, 638 (8th Cir. 1995), cert. denied, 516 U.S. 1132 (1996), we conclude the government's evidence was sufficient to convict Kavanagh of both offenses: the evidence showed Kavanagh continued to maintain his full-time residence on the property subject to the lease after his lease was terminated, and then refused to leave the site when ordered to do so by Corps personnel. See 36 C.F.R. §§ 327.22(a), 327.24(b) (1998); cf. United States v. Arbo, 691 F.2d 862, 865-66 (9th Cir. 1982).

We have reviewed the record for any nonfrivolous issues, see Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found none.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.